IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

        Plaintiff,

    v.

WARREN OLIVER, et al.,

        Defendants.
_____/

No. CIV S-08-2917 JAM DAD PS

ORDER SETTING STATUS
(PRETRIAL SCHEDULING)
CONFERENCE

        Plaintiff commenced this action on December 2, 2008, by filing a complaint against individuals Warren Oliver and Robin Gayle Dyer-Oliver, both individually and doing business as N-Zone Sports Lounge, and against the business entity N-Zone Sports Lounge. Defendants Oliver and Dyer-Oliver, proceeding pro se, filed a document on April 27, 2009, that has been liberally construed as an answer filed on behalf of all three defendants. Plaintiff's April 27, 2009 request for entry of default against all three defendants and plaintiff's June 2, 2009 request for entry of default against the entity defendant have been declined by the Clerk of the Court.

        Upon the appearance of the defendants in propria persona, United States District Judge John A. Mendez referred this matter to the undersigned for all purposes encompassed by Local Rule 72-302(c)(21).

1

Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **Friday July 10, 2009, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

2. All parties are required to appear at the Status (Pretrial Scheduling) Conference by counsel or, if proceeding without counsel, in propria persona. Parties may appear at the conference in person or telephonically. To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than three days before the Status (Pretrial Scheduling) Conference.

3. Plaintiff shall file and serve a status report on or before **Thursday June 25, 2009,** and defendants shall file and serve a status report on or before **Thursday July 2, 2009**. Each party's status report shall address all of the following matters:

    a. Progress of service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g. Future proceedings, including the setting of appropriate cut-off dates for discovery and law and motion, and the scheduling of a final pretrial conference and trial;

    h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i. Whether the case is related to any other case, including matters in bankruptcy;

/////

j. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualifications by virtue of his so acting, or whether they prefer to have a Settlement Conference before another judge;

k. Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

l. Any other matters that may aid in the just and expeditious disposition of this action.

4. Rule 4(m) of the Federal Rules of Civil Procedure provides that an action must be dismissed without prejudice as to any defendant on whom service of process was not effected within 120 days after the complaint was filed.  If plaintiff has not complied with the 120-day time limit as to any defendant, the unserved defendant will be subject to dismissal.

DATED: June 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\jjsports2917.ossc